**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CARLOS BOHORQUEZ,<br>        Appellant, | DOCKET NUMBER<br>CH-1221-21-0425-W-1 |
|     v. | |
| DEPARTMENT OF THE AIR FORCE,<br>        Agency. | DATE: April 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlos Martin Bohorquez, Belleville, Illinois, pro se.

John Brian Manion, Scott Air Force Base, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which found that he failed to make a prima facie case of whistleblower reprisal in his individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND that the appellant established a prima facie case of whistleblower reprisal, and DENY the appellant's request for corrective action because the agency

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

established by clear and convincing evidence that it would have proposed the appellant's removal absent his whistleblowing.

## BACKGROUND

The appellant was a GS-11 Catholic Chaplain for the agency at Scott Air Force Base (Scott AFB) located in Illinois.  Initial Appeal File (IAF), Tab 25 at 19.  Effective February 24, 2021, the appellant was placed in a paid non-duty status due to a pending agency investigation into allegations of his sexual misconduct.  *Id.* at 29-31.  Shortly thereafter, the base Commander barred the appellant from entering the base.  *Id.* at 30-31.  Then, on May 14, 2021, the Archbishop for the Military Services withdrew the ecclesiastical endorsement for the appellant. *Id.* at 24-25.  As a result, on June 7, 2021, the agency proposed the appellant's removal for failure to maintain a condition of his employment. *Id.* at 19-23.

The appellant filed a complaint with the Office of Special Counsel (OSC), asserting that the agency issued the proposed removal in retaliation for his protected disclosures, i.e., reporting that another Chaplain had violated the Privacy Act and Air Force Instruction (AFI) by secretly recording a staff meeting. IAF, Tab 6 at 20-21.  After OSC closed its investigation into the appellant's complaint, he filed this appeal with the Board.  *Id.* at 11-12; IAF, Tab 1.

The administrative judge issued an order on jurisdiction, notifying the appellant of the applicable legal standards and affording him an opportunity to present evidence and argument establishing Board jurisdiction.  IAF, Tab 3.  In his response, the appellant alleged that the agency proposed his removal because he reported that another Chaplain had recorded a staff meeting without his consent, which he disclosed on (1) March 18, 2021, to the agency's Civilian Appellant Review Office (AFCARO);[2] (2) May 26, 2021, in a letter to the agency's FOIA office; and (3) May 28, 2021, in an email to, among others,

---

[2] The AFCARO issues Final Agency Decisions in equal employment opportunity (EEO) complaints.  IAF, Tab 6 at 66-69.

the proposing official, attaching a copy of his appeal of the base Commander's decision to bar him from base. IAF, Tab 6 at 3-4, 50-51, 55-56, 66-69. Upon reviewing the submission, the administrative judge issued an order finding that the Board had jurisdiction over whether the agency's June 7, 2021 proposed removal "was retaliation for the appellant's May 2021 disclosures that the agency may have unlawfully made a 'secret' recording of a staff meeting." IAF, Tab 12 at 1. The appellant filed a response to the administrative judge's order, requesting that he include the March 18, 2021 disclosure in his jurisdictional findings, because the appellant was not certain if the proposed removal was in retaliation for the March 18, 2021 disclosure or the May 2021 disclosures. IAF, Tab 14 at 3. The administrative judge denied the appellant's request to include the March 18, 2021 disclosure, finding that the appellant failed to exhaust his administrative remedies regarding that matter with OSC, and failed to make a nonfrivolous allegation that the disclosure was a contributing factor in the proposed removal. IAF, Tab 17.

The administrative judge then issued a decision on the written record denying the appellant's request for corrective action because he failed to establish a prima facie case of whistleblower reprisal.[3] IAF, Tab 34, Initial Decision (ID). First, he found that the proposing official was only aware of the appellant's May 28, 2021 disclosure, i.e., the email attaching his appeal of the bar from base, and that this disclosure was not protected because it was too vague and conclusory. ID at 7-10. Then, the administrative judge found that, even if the appellant had provided the proposing official with more details in the May 28, 2021 disclosure, the appellant failed to establish that he held a reasonable belief that his disclosure, i.e., of the secret recording, evidenced a violation of the Privacy Act or Air Force regulations. ID at 11-14. Thus, because the administrative judge found that the appellant failed to establish his prima facie

_____

[3] The appellant did not request a hearing. IAF, Tab 1 at 1.

case of whistleblower reprisal, he denied the appellant's request for corrective action. ID at 15.

The appellant has filed a petition for review arguing, among other things, that the administrative judge too narrowly construed the whistleblower protection statutes, that the appellant established that the agency violated a law, rule, or regulation, and that the proposing official was aware of his protected disclosure.[4] Petition for Review (PFR) File, Tab 1 at 5-10. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act of 2012, after the appellant makes a nonfrivolous allegation of jurisdiction, he must prove by preponderant evidence that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and; (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the*

---

[4] The appellant has also argued that the administrative judge abused his discretion. Petition for Review File, Tab 1 at 10-12. First, to the extent that the appellant argues that the administrative judge abused his discretion by failing to intervene in discovery, as the appellant admits, the administrative judge was unaware of any discovery disputes because the appellant never filed a motion to compel. *Id.* at 10. The administrative judge does not have an affirmative duty to step in and direct the discovery process, and, as he was unaware of any issues, he could not have abused his discretion as he was not asked to exercise it. Furthermore, to the extent that the appellant alleges that the administrative judge abused his discretion by refusing to consider evidence related to the circumstances surrounding his proposed removal, *id.* at 10-12, we agree that the administrative judge improperly limited his review of the contributing factor standard to the knowledge/timing test, ID at 8, 10. The Board has held that if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed towards the officials taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). However, as explained herein, because we find that the appellant satisfied the knowledge/timing test, this error has no impact on our analysis.

*Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If the appellant proves that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is then given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id.*; *see* 5 U.S.C. § 1221(e).

As set forth below, we find that the appellant established by preponderant evidence that his disclosures on March 18, 2021, May 26, 2021, and again on May 28, 2021, all of which reported that another Chaplain recorded a staff meeting without the appellant's consent, were protected under 5 U.S.C. § 2302(b)(8)(A). We also find that, because the appellant met the contributing factor standard through the knowledge/timing test, he established a prima facie case of whistleblower reprisal. However, because the agency has established by clear and convincing evidence that it would have proposed the appellant's removal absent his whistleblowing, we deny the appellant's request for corrective action.

<u>The appellant's May 28, 2021 disclosure of the recording is protected.</u>

In the initial decision, the administrative judge found that, of the appellant's three disclosures, the proposing official only knew of the May 28, 2021 disclosure, i.e., the email sent to the proposing official attaching a copy of the appellant's letter appealing the Commander's decision barring him from base. ID at 7-10. In the appeal letter, the appellant stated that he was "concerned that [he was] being singled out" and "[h]opefully it [was] not because [he] . . . reported . . . the illegal keeping of secret files (tape recordings of [him]) by the Base Chapel in violation of the Privacy Act and Air Force Regulations." IAF, Tab 6 at 50-51. The administrative judge determined that the statements were too vague and conclusory, and thus, the appellant's May 28, 2021 disclosure was not protected. ID at 8-10.

To the contrary, we find the appellant's May 28, 2021 disclosure to be sufficiently specific and detailed to be protected under 5 U.S.C. § 2302(b)(8)(A). The appellant's statement contains the nature of the alleged misconduct,

i.e., recording a meeting without the consent of the appellant, and the law and regulation allegedly violated, i.e., the Privacy Act and Air Force regulations. IAF, Tab 6 at 50-51. This is not a general allegation of wrongdoing, nor is this a vague assertion of misconduct without any details. Instead, the appellant's statement provides the recipient, i.e., the proposing official, with sufficient information to understand what misconduct the appellant was reporting and the law it allegedly violated. Thus, the appellant's statement is sufficiently detailed and specific to be considered a protected disclosure under 5 U.S.C. § 2302(b)(8) (A).

<u>The appellant established that he had a reasonable belief that he disclosed a violation of law, rule, or regulation and that his disclosures were a contributing factor in the proposed removal.</u>

In the initial decision, the administrative judge found that, even if the appellant's May 28, 2021 disclosure included more detailed assertions like those contained in his other disclosures, it was still not protected because the appellant failed to establish that he held a reasonable belief that the alleged misconduct evidenced a violation of either the Privacy Act or Air Force regulations.[5] ID at 11-14. In doing so, the administrative judge reviewed the language of the Privacy Act, as well as relevant case law, and found that a disinterested observer with knowledge and understanding of this language could not conclude that the appellant's assertions evidenced a violation of the statute. ID at 11-13. Next, he found that, because the Air Force regulation the appellant cited to, i.e., AFI 33-332, specifically refers to the Privacy Act and parrots the language of the statute, the appellant also did not hold a reasonable belief that his disclosure evidenced a violation of Air Force regulations. ID at 13-14.

---

[5] The administrative judge explained that he did not consider whether the appellant's disclosure violated the Illinois eavesdropping law because the appellant specifically argued that he did not believe the disclosure violated state law. ID at 6-7. The appellant does not challenge this finding on review and, because we find that the appellant held a reasonable belief that his disclosure evidenced a violation of the Privacy Act and Air Force regulations, as he expressly alleged, we do not address this finding further.

The administrative judge imposed a more stringent standard on the appellant than is appropriate. A protected disclosure is a disclosure that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *see Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8)(A). *Salerno*, 123 M.S.P.R. 230, ¶ 6.

The Board will consider the appellant's position and experience when considering whether an appellant held a reasonable belief. *See Scott v. Department of Justice*, 69 M.S.P.R. 211, 237-38 (1995), *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table) (explaining that the appellant's position as a supervisor and experience as a law enforcement officer placed him in a position to form a belief that documentary evidence had been altered). Thus, the pertinent issue is the essential facts known to or readily ascertainable by the appellant in consideration of his experience and position. In this case, the appellant is not a lawyer, nor does he have any known legal expertise, and therefore, the intricacies and nuances of the Privacy Act would not be known or understood by him. To require of him the knowledge and understanding of an individual well-versed in the intricacies of the Privacy Act was improper.

Thus, when considering the appellant's position and experience, we find that he held a reasonable belief that his disclosure evidenced a violation of law, rule, or regulation. Specifically, we find that a disinterested observer with the essential facts known or readily ascertainable to the appellant could reasonably conclude that an employee recording the appellant without his consent violated the appellant's privacy, and thus, constituted a violation of the Privacy Act.

Similarly, the relevant portion of AFI 33-332 prohibits agency employees from "[m]aintaining a System of Records on individuals without their knowledge and/or without a System of Records Notice published in the Federal Register." IAF, Tab 27 at 79. Thus, we also find that a disinterested observer could reasonably conclude that another employee recording the appellant without his consent constituted a violation of the regulation.

Accordingly, we find that that the appellant held a reasonable belief that his disclosures evidenced a violation of law, rule, or regulation. Furthermore, we find that the appellant established that these disclosures were a contributing factor in the proposed removal, as just over 1 week after learning of the disclosure, the proposing official issued the proposed removal. IAF, Tab 6 at 50-51, Tab 25 at 19-23. Thus, contrary to the administrative judge's findings, the appellant established a prima facie case of whistleblower reprisal. ID at 15.

The Board has jurisdiction over the appellant's March 18, 2021 disclosure of the recording.

To the extent that the appellant challenges the administrative judge's finding that the Board did not have jurisdiction over his March 18, 2021 disclosure, we find that the Board does have jurisdiction. PFR File, Tab 1 at 5-10; IAF, Tab 17. First, contrary to the administrative judge's findings, the appellant exhausted his administrative remedies with respect to the March 18, 2021 disclosure. IAF, Tab 17 at 1-2. Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 7. The Board has recently clarified the substantive requirements of exhaustion. *Id.*; *see Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11. The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Skarada*, 2022 MSPB 17, ¶ 7. The Board's jurisdiction is limited to those issues that have been previously raised with OSC. *Id.* In his

OSC complaint, the appellant specifically alleged that he reported the recording to the AFCARO on March 18, 2021. IAF, Tab 6 at 20-21. Accordingly, we find that the appellant did raise the March 18, 2021 disclosure to OSC and thus exhausted his administrative remedies regarding that matter.

With respect to the administrative judge's findings that the appellant failed to make a nonfrivolous allegation that the March 18, 2021 disclosure was a contributing factor in the proposed removal, this was also error. IAF, Tab 17 at 2-3. Specifically, the administrative judge found that the appellant failed to make a nonfrivolous allegation because he expressed uncertainty about whether it was the March 18, 2021 or the May 2021 disclosures that played a role in the proposed removal, and the appellant failed to provide any "well pled facts" establishing that the March 18, 2021 disclosure played a role in the proposed removal. *Id.* However, to satisfy the contributing factor criterion, the appellant need only establish that the fact of, or the content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may establish that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

The Board has found that personnel actions taken within approximately 1 to 2 years of the protected disclosure satisfy the knowledge/timing test. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 16 (2011). Here, the proposing official was aware of the appellant's disclosure, IAF, Tab 6 at 50-51, and issued the proposed removal approximately 3 months after the March 18, 2021 disclosure. IAF, Tab 25 at 19-23. The appellant's uncertainty regarding the role that one disclosure played in the agency's action versus another disclosure

does not change the fact that he met the knowledge/timing test, and therefore, made a nonfrivolous allegation that his March 18, 2021 disclosure was a contributing factor in his removal.

Accordingly, we find that the administrative judge erred in finding that the Board lacked jurisdiction over the appellant's March 18, 2021 disclosure. IAF, Tab 17. Because the March 18, 2021 disclosure is identical to the May 2021 disclosures, we incorporate the reasons set forth above, and also find that the appellant also proved the merits of the March 18, 2021 disclosure.

<u>Even though the appellant made a prima facie case of whistleblower retaliation, the agency established by clear and convincing evidence that it would have proposed the appellant's removal.</u>

If the appellant, as here, makes a prima facie case of whistleblower reprisal, the agency is given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Salerno*, 123 M.S.P.R. 230, ¶ 5; *see* 5 U.S.C. § 1221(e). In determining whether an agency has met its burden, the Board will consider all relevant factors, including the following: (1) the strength of agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who do not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

First, the evidence strongly supports the agency action. The agency proposed the appellant's removal because he lost his ecclesiastical endorsement. IAF, Tab 25 at 19-25. An ecclesiastical endorsement is required to perform the position of Chaplain, and thus, without this endorsement, the appellant could not perform his position. *Id.* at 26-28. When an employee is unable to perform his position, there is a strong basis to remove him, as an agency should not be required to allow an employee to occupy a position which he cannot perform. To

the extent that the appellant alleges that the withdrawal of his ecclesiastical endorsement was improper, the Board has found that it lacks the authority to review the withdrawal decision, and is, in fact, precluded from doing so by the First Amendment. *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 9. Thus, regardless of any other consideration, the fact remains that the appellant could not perform his position, and thus, the evidence supporting removal is extremely strong.

We also discern little evidence of a motive to retaliate by the agency. As discussed, the agency was not involved in, and did not have any control over, the Archbishop of Military Service withdrawing the appellant's ecclesiastical endorsement. IAF, Tab 25 at 26-28. It simply stretches credibility to find that the appellant's removal, which was a reasonable reaction to the appellant's inability to perform his position, was actually a result of retaliation on the agency's part. *See Dieter*, 2022 MSPB 32, ¶¶ 9-11 (explaining that the agency could properly rely on the loss of ecclesiastical endorsement as the basis of an adverse action). Furthermore, the proposing official was not the target of the disclosure. IAF, Tab 6 at 50-51, 55-56, 66-69. Nevertheless, because we recognize that the proposing official was aware of the disclosures and the disclosures could have arguably caused some embarrassment to agency management, we find that the second *Carr* factor cuts slightly against the agency. *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012) (finding those responsible for an agency's overall performance may be motivated to retaliate even if the disclosure does not directly implicate them in their capacity as agency managers and employees).

As for the third *Carr* factor, the agency stated that this was "an issue of first impression" for the proposing official and Scott AFB, as the proposing official confirmed that he had not supervised another civilian chaplain who had his ecclesiastical endorsement withdrawn, and the agency's Employee Management Relations Specialist confirmed that the appellant was only the

second individual to hold the position at Scott AFB since it had been converted to a civilian position. IAF, Tab 32 at 12. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) found that a similar comparator search, which the agency limited to a particular supervisor and particular facility, was "exceedingly narrow," and concluded that the agency put forth "no evidence" with regards to the third *Carr* factor because it failed to put forth evidence regarding what actions it took for employees in similar situations agency-wide. Accordingly, in line with the findings of the Federal Circuit, we find that the agency's comparator search was too narrow, and thus, it failed to put forth sufficient evidence with respect to the third *Carr* factor.

The agency carries the burden of proving by clear and convincing evidence that the same action would have been taken absent the whistleblowing. *Whitmore*, 680 F.3d at 1374. Because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Thus, because the agency did not produce sufficient comparator evidence, the third *Carr* factor cuts slightly against the agency. Nevertheless, the strength of the agency's evidence in support of removal is overwhelmingly strong, and thus, we find that the agency met its burden of clear and convincing evidence that it would have removed the appellant

in the absence of his whistleblowing activity.[6]  Thus, we deny the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[6] The appellant has requested that the Board consider "new and material evidence," specifically, the base Commander's sworn statement and an additional sworn statement from the proposing official submitted as part of the appellant's EEO case.  PFR File, Tab 1 at 12-18.  The appellant did not attach a copy of the statements to his petition for review; however, he did provide a summary of the allegedly relevant testimony.  *Id.*  He has also requested to amend his petition for review to include the statements.  PFR File, Tab 6.  We have reviewed the appellant's assertions and do not find the new evidence to be material to the issues at hand, or likely to impact our findings in this case.  Thus, we deny the appellant's request to consider this new evidence.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.